OLF3 *(Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| In re: | Case No.: |
|---|---|
| **Demetrios Baraklilis** | Chapter 13 |
| Debtor(s) | |

**CHAPTER 13 PLAN**

*Check one.* This plan is:
☑ Original
☐ Amended *(Identify First, Second, Third, etc.)*
☐ Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*
Date this plan was filed: __,_____

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

A. **LENGTH OF PLAN:**

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ ____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:
_____

B. **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $2,481.00 | 60 |

**C.     ADDITIONAL PAYMENTS:**

*Check one.*

☑     **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**     **$148,860.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3: SECURED CLAIMS

☐     **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.     CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐     **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑     **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
       *Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:    **14 Pine Ridge Drive**
                                       **Oxford MA 01540-1903**
The Debtor(s) estimates that the fair market value of the Principal Residence is:     **$284,305.00**

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| **OneWest Bank Mortgage Servicing** | **First Mortgage** | **$65,000.00** |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**65,000.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| **-NONE-** | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $65,000.00**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **OneWest Bank Mortgage Servicing** | **First Mortgage** | **14 Pine Ridge Drive Oxford, MA 01540-1903  Worcester County Principal Residence** |
| **Select Portfolio Servicing, Inc** | **Second Mortgage** | **14 Pine Ridge Drive Oxford, MA 01540-1903  Worcester County Principal Residence** |

**B.     MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑     **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

**C.     SURRENDER OF COLLATERAL:**

*Check one.*

☑     **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☐     **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑     **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.     DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.     OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Taxes for closed business | $57,804.90 |
| MDOR | Taxes for closed business | $8,647.04 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $66,451.94**

**C.     ADMINISTRATIVE EXPENSES:**

   **(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| David R. Chenelle | $2,500.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   **(2) OTHER** *(Describe)***:**

| -NONE- |
|---|

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $2,500.00**

   **(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                                    Best Case Bankruptcy

| PART 5: | NON PRIORITY UNSECURED CLAIMS |

*Check one*.

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $__, which the Debtor(s) estimates will provide a dividend of __%.
☑ Fixed Percentage: each creditor with an allowed claim shall receive no less than **0** % of its allowed claim.

**A.    GENERAL UNSECURED CLAIMS:**                                                                                               $**0.00**

**B.    UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**C.    NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**D.    CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.    TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

**Total Nonpriority unsecured Claims [A + B + C + D]: $0.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$0.00**

**F.    SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

*Check one*.

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

☑   **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*

**1. Timely Post-petition mortgage payments paid directly by debtor to mortgagee or its servicer must be applied & credited to debtor's account without penalty as if the account were current and no pre-petition default existed on the petition date, and in the order of priority specified in the note, security agreement and applicable non-bankruptcy law.**

**2. Payments received from the Trustee for pre-petition arrears pursuant to 11 U.S.C. § 1322(b)(3) shall be applied only to such pre-petition arrears.**

**3. The Debtor intend to continue to make the regular monthly payments to OneWest Bank Mortgage Servicing and Select Portfolio Servicing on account of its mortgages (collectively "Secured Lenders").  Accordingly, the Secured Lenders shall send the Debtor monthly statements consistent with its prepetition practice, and allow the debtor online access to his accounts.  Sending such statements shall not be considered by the debtor to be a violation of the automatic stay.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                                                Best Case Bankruptcy

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| | |
|---|---|
| **/s/ Demetrios Baraklilis** | **9/7/2018** |
| **Demetrios Baraklilis** | Date |
| Debtor | |
| | |
| Debtor | Date |
| | |
| **/s/ David R. Chenelle**   Date | **9/10/2018** |

Signature of attorney for Debtor(s)
**David R. Chenelle**
**628424 MA**
**Perkins & Anctil, P.C.**
**6 Lyberty Way, Suite 201**
**Westford, MA 01886**
**978-496-2000**
**dchenelle@perkinslawpc.com**

The following Exhibits are filed with this Plan:
- ☑ **Exhibit 1: Calculation of Plan Payment***
- ☑ Exhibit 2: Liquidation Analysis*
- ☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
- ☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 9

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                       Best Case Bankruptcy

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$65,000.00** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$66,451.94** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$2,500.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$0.00** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$133,951.94** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$148,860.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$2,480.63** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $**2,481.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following*:

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

## A. REAL PROPERTY

| Address<br>(*Sch. A/B, Part 1*) | Value<br>(*Sch. A/B, Part 1*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| 14 Pine Ridge Drive Oxford, MA 01540-1903  Worcester County  Principal Residence | 284,305.00  Debtor owns 50% | 264,172.26 | 500,000.00 |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | $ 284,305.00 |
| **Total Net Equity for Real Property** (*Value Less Liens*): | $ 10,066.37 |
| **Less Total Exemptions for Real Property** (*Sch. C*): | $ 10,066.37 |
| **Amount Real Property Available in Chapter 7:** | $ 0.00 |

## B. MOTOR VEHICLES

| Make, Model and Year<br>(*Sch. A/B, Part 2*) | Value<br>(*Sch. A/B, Part 2*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| -NONE- | | | |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | $ 0.00 |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | $ 0.00 |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | $ 0.00 |
| **Amount Motor Vehicle Available in Chapter 7:** | $ 0.00 |

## C. ALL OTHER ASSETS (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| Household Goods and Furnishings | 3,500.00 | 0.00 | 3,500.00 |
| 4 televisions, one cell phone | 750.00 | 0.00 | 750.00 |
| Wearing apparel | 500.00 | 0.00 | 500.00 |
| Jewelry | 700.00 | 0.00 | 700.00 |
| Checking: Webster Five Credit Union | 2,000.00 | 0.00 | 1,000.00 |
| Savings: Webster Five Credit Union | 13,750.00 | 0.00 | 6,875.00 |
| Checking: Hometown Bank | 100.00 | 0.00 | 50.00 |
| Savings: Hometown Bank | 0.00 | 0.00 | 0.00 |
| 401(k): Fidelity | 2,250.00 | 0.00 | 2,250.00 |
| Combined: 2017 Tax Refund | 14,254.00 | 0.00 | 3,075.00 |

| | |
|---|---|
| **Total Value of All Other Assets:** | $ 37,804.00 |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | $ 22,752.00 |
| **Less Total Exemptions for All Other Assets**: | $ 18,700.00 |
| **Amount of All Other Assets Available in Chapter 7:** | $ 4,052.00 |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ 4,052.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ 4,052.00 |

If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __0__ %.

## E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                         Best Case Bankruptcy

# United States Bankruptcy Court
### District of Massachusetts

In re **Demetrios Baraklilis**  
Debtor(s)

Case No.  
Chapter **13**

## CERTIFICATE OF SERVICE

I, David R. Chenelle, do hereby certify that on **9/10/2018**, I caused to be served, either electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Denise M. Pappalardo, Esq.**  
**Chapter 13 Trustee**

**Cit Bank, NA**  
**6900 Beatrice Dr.**  
**Kalamazoo, MI 49009**

**Harmon Law Offices, P.C.**  
**P.O. Box 610389**  
**Newton Highlands, MA 02461-0345**

**Internal Revenue Service**  
**P.O. Box 7346**  
**Philadelphia, PA 19101-7346**

**Lease Financial Group**  
**525 Washington Blvd**  
**Jersey City, NJ 07310**

**Loancare**  
**P.O. Box 8068**  
**Virginia Beach, VA 23450-4968**

**MDOR**  
**Bankruptcy Unit**  
**100 Cambridge Street**  
**P.O. Box 9564**  
**Boston, MA 02114**

**OneWest Bank Mortgage Servicing**  
**Attn: Bankruptcy Dept.**  
**P.O. Box 7056**  
**Pasadena, CA 91109**

**Richard T. King, Esq.**  
**Office of the US Trustee**

**Select Portfolio Servicing, Inc**  
**Attn: Bankruptcy**  
**P.O. Box 65250**  
**Salt Lake City, UT 84165**

**Susan Baraklilis**  
**14 Pine Ridge Dr.**  
**Oxford, MA 01540-1903**

**/s/ David R. Chenelle**  
**David R. Chenelle**  
**Perkins & Anctil, P.C.**  
**6 Lyberty Way, Suite 201**  
**Westford, MA 01886**  
**978-496-2000  Fax:978-496-2077**  
**dchenelle@perkinslawpc.com**